By the Court.

This is an appeal from the decision of the Parish Court of the Parish ofN'ew-Qrleans, by which the Judge of that Court dismissed an attachment sued out agreeably to the provisions of an act of the Legislative Council of *369 the late Territory of Orleans, regulating the practice of the Superior Court.
The dismissal took place after argument, on a rule to shew cause, \yhy the attachment should not be quashed. In the act above cited, there are two modes pointed out, by which, the defendant to an attachment may release the property attached : one by proving to the satisfaction of the Court or Judge, who issued such attachment, that the facts, on which the same was founded, were not truly stated: the other, by giving bond, to the sheriff with sufficient surety, to defend the suit and abide the judgment of the Court. It appears from the record sent up to this Court, and the opinion of the Judge, to which the plaintiffs in the Court below have excepted by their counsel, that the Judge has founded his decision on a belief, that the facts stated on the part of the appellants are not truly stated, or that they are not such as by law will authorise and support an attachment.
The reasoning of the Judge in support pf his decision (if in any situation of the cause it might be considered as sound and conclusive) would certainly have been more, properly applied in giving judgment on the merits, tljan on the motion of the defendants^ counsel to quash the attachment, nor do we consider the law cited by him more applicable to a decision on a motion of this nature,
*370 The counsellor the appellees insists., that the dismissal oF an attachment is 'not such a- final decision as contemplated by the law organising the Supreme Court, from which an appeal may be takers. In cases where the defendant makes his appearance to'the . suit and answers regularly to the plaintiff’s petition, and the attachment should afterwards be dismissed for want of regularity or on account of proof to tire satisfaction of the Court that the facts on which it was founded were faisdy stated, perha'ps the decisions of dismissal would not authorise an appeal, because the cause might still go on to final judgment on its merits ; but this is by no means clear.
Wt are of opinion that situated, as the present ease ’ was before die Parish Court, the decision made fey the Judge of that Court must be considered so far final as to authorise an appeal from it; for the .appellants will otherwise be without redress, as they cannot regularly and safely proceed,farther ¿a the -Court below. Harper vs. Creditors, ante 322.
There can.be ¡to doubt of its being a general principle of Jaw (that partners are bound, jointly and severally* &y their partnership -contracts; and that they .tnay be sued all in the same action, or-separately--.
If citizens of a different state or territory are *371 ¿Bowed the privilege of suing- their debtors in this state,, wild may have contracted obligations and who reside elsewhere in the usual course of proceedings, when-found within our jurisdictional limits, which we'believe cannot be contested, certainly no good reason can be aljedged, why they should not enjoy the benefit of extraordinary privileges, allowed to suitors, by laws, such as the one under which the present action is commenced.
The. appellees, as appears by the petition ahei affidavit annexed, reside without the limits of tlie state, so . that the ordinary process of the courts cannot reach them : a circumstance, which in the case a citizen of this stat.e would authorise an attachment against his property, and we are of opinion that the rule is applicable to persons in tfye situation of the appellants.
It is, therefore, ordered, adjudged and decreed that the judgment of the Parish Court be reversed and annulled and that the cause be there'placed in the same state and condition in which it was before the rendition of said judgment or decisroUi